IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J.R. SIMPLOT COMPANY; SIMPLOT PHOSPHATES LLC, fka SF PHOSPHATES LIMITED COMPANY; and SIMPLOT PIPELINE LLC, fka SF PIPELINE LIMITED COMPANY, <br><br>        Plaintiffs, <br><br>vs. <br><br>CHEVRON PIPE LINE COMPANY; CHEVRON CHEMICAL COMPANY; and CHEVRON U.S.A. INC., <br><br>        Defendants. | <br><br><br><br><br><br><br><br>**ORDER** <br><br><br>Case No.  2:04CV00624DAK |
| CHEVRON PIPE LINE COMPANY; CHEVRON CHEMICAL COMPANY, a division of CHEVRON U.S.A. INC.; and CHEVRON U.S.A. INC., <br><br>        Counterclaimants, <br><br>vs. <br><br>J.R. SIMPLOT COMPANY; SIMPLOT PHOSPHATES LLC, fka SF PHOSPHATES LIMITED COMPANY; and SIMPLOT PIPELINE LLC, fka SF PIPELINE LIMITED COMPANY, <br><br>        Counterdefendants. | |

This matter is before the court on Plaintiffs and Counterdefendants J. R. Simplot Company, Simplot Phosphates LLC, fka SF Phosphates Limited Company, and Simplot Pipeline, LLC, fka SF Pipeline Limited Company's (the "SF Companies" or Plaintiffs) Motion for Award of Attorneys' Fees, Costs and Prejudgment Interest, and Defendants Chevron Pipe Line, Chevron Chemical Company, and Chevron U.S.A., Inc.'s ("Chevron") Motion for Jury Trial as to the Issue of Simplot's Damages. The court held a hearing on the motions on February 5, 2007. At the hearing, E. Scott Savage and Stephen R. Waldron represented Defendants. Peter W. Billings, Douglas B Cannon and William H. Adams represented Plaintiffs. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following order.

Attorneys' Fees and Costs

Plaintiffs seek $2,913,546.32[1] in attorneys' fees and costs pursuant to Section 11.3 of the November 4, 1991, Phosphate Slurry Pipeline Asset Sale Agreement ("Pipeline Agreement") between the parties. Section 11.3 provides that:

> . . . If the indemnifying party does not assume sole control over the defense or settlement of such claim after notice as provided in this Article XI, the indemnified party shall have the right to defend and settle the claim in such manner as it may deem appropriate at the

---

[1] Plaintiffs have withdrawn $4,192.00 of Simplot's attorneys' fee request, and $7,361.25 of SF Phosphates/Pipeline's attorneys' fee request. As such, the court deducts $11,553.25 from the original $2,913,546.32 in fees and costs requested by the Plaintiffs.

cost and expense of the indemnifying party, and the and indemnifying party shall promptly reimburse the indemnified party therefor in accordance with this Article XI.

Pipeline Agreement, Section 11.3.  On September 27, 2007, this court held that Chevron had "a duty to defend the SF Plaintiffs in the Ashley Creek action" pursuant to Section 11.3 of the Pipeline Agreement.  *J.R. Simplot et. al v. Chevron Pipe Line Company et al.,* 2006 WL 2796887, *15, 16 (D. Utah Sept. 27, 2006).

"Attorneys fees awarded pursuant to contract should not be given scrutiny to the same degree as fees awarded in a statutory context, but should be awarded consistent with the contractual purpose of giving the parties the benefit of their bargain."  *Mark Technologies Corp. v. Utah Resources Intern., Inc.*, 2006 WL 1073559, *1 (D.Utah April 20, 2006) (citing *United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.*, 834 F.2d 1533, 1584 (10th Cir. 1987)).  The Tenth Circuit explained that "[w]here contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain."  *Western States Mech. Contractors, Inc.,* 834 F.2d at 1548; *see also Mark Tech. Corp.*, 2006 WL 1073559, *1.  The trial court may "reduce the contractual attorney's fees claimed if it finds such an award 'would be inequitable and unreasonable.'. . . However, the trial court is not responsible for independently calculating a 'reasonable' fee."  *Id.* at 1549 (citing *General Elec. Credit Corp. v. Oil Screw Triton, VI,* 712 F.2d 991, 995 (5th Cir. 1983).

The Plaintiffs' attorneys' fees and costs request is based upon hours billed and fees incurred by attorneys retained by each of the individual Plaintiffs in the Ashley Creek Litigation. During the entirety of the Ashley Creek lawsuit, 1996-2004, J.R. Simplot ("Simplot") Company

retained the law firm of Fabian & Clendenin. Farmland Industries, Inc. ("Farmland") retained the law firm of Ray, Quinney & Nebeker. SF Phosphates Limited Company ("SF Phosphates") and SF Pipeline Limited Company ("SF Pipeline") retained the legal services of Cerruti & Adams, and later Young, Adams and Hoffman. Simplot's counsel, Peter Billings and Douglas Cannon, charged $195 and $145 per hour, respectively, at the beginning of the action, and $260 and $205, respectively, when the litigation ended in 2004. Fabian & Clendenin spent a total of 8205.4 hours defending Simplot against the Ashley Creek claims. As a result, Simplot incurred and paid $1,484,992.01 in attorneys' fees and costs. Farmland's counsel, James Jardine and Cameron Hancock, charged $195 and $145 per hour, respectively, at the outset of the litigation, and $290 and $170 per hour, respectively, when the litigation ended. In total, Ray, Quinney and Nebeker spent a total of 5418.3 hours defending Farmland against Ashley Creek's claims. Farmland incurred and paid $950,559.03 in attorneys' fees and costs. During the entire Ashley Creek lawsuit, William Adams represented SF Phosphates and SF Pipeline. Adam's rate was $185 per hour when the litigation commenced, and $205 in 2004. Adams spent a total of 1519 hours defending SF Phosphates and SF Pipeline in the Ashley Creek litigation, which translated into $489,548.53 in attorneys' fees and costs. Defendants make no argument as to the costs in this matter.

      This court previously found that the parties had a valid agreement and that Defendants had a duty to defend Plaintiffs in the Ashley Creek Litigation thereunder. *See J.R. Simplot et al. v. Chevron Pipe Line Company et al.,* 2006 WL 2796887, *15, 16 (D. Utah Sept. 27, 2006). The court finds that an award of Plaintiffs' requested fees and costs would not be "inequitable or

unreasonable." *Western States Mech. Contractors*, 834 F.2d at 1548.  As a result, the court finds that it was not unreasonable for the Plaintiffs, as separate corporate entities, to hire independent legal counsel during the Ashley Creek Litigation.  Defendants have the responsibility to pay for those fees and costs.  "[W]here the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contract is enforced according to its terms." *Id.* (citing *Fortier v. Dona Ana Plaza Partners*, 747 F.2d 1324, 1337-38 (10th Cir. 1984)).  Therefore the court awards Plaintiffs attorneys' fees and costs in the amount of $2,913,546.32.

Prejudgment Interest

Plaintiffs claim an entitlement to prejudgment interest on the attorneys' fees and costs incurred in the Ashley Creek Litigation.[2]  Under Utah law, prejudgment interest on attorneys' fees and costs is allowed when the amount is fixed and set forth in a valid attorneys fee agreement, and when the reasonableness of the fees are not at issue.  *See James Constructors, Inc. v. Salt Lake City Corp.,* 888 P.2d 665, 672-73 (Utah App. 1994) (citing *First Security Bank of Utah v. J.B.J. Feedyards, Inc.,* 653 P.2d 591 (Utah 1982)).  An award of prejudgment interest is also proper if the loss is "fixed as of a definite time" and the interest can thus be "calculated with mathematical accuracy." *Shoreline Dev., Inc. v. Utah County*, 835 P.2d 207, 211 (Utah 1992).  Once these conditions are satisfied, prejudgment interest should be "awarded when appropriate to provide full compensation for an actual loss." *James Constructors, Inc.,* 888 P.2d

---

[2]Utah Code Ann. § 15-1-1(2) provides: "[U]nless parties to a lawful contract specify a different rate of interest, the legal rate of interest for the loan or forbearance of any money, goods or chose in an action shall be 10% per annum."

at 671 (citing *Canyon Country Store v. Bracey*, 781 P.2d 414, 422 (Utah 1989)).

This court has determined that the reasonableness of Plaintiffs' attorneys' fees and costs is not at issue and have been set forth in a valid attorneys' fee agreement. *See James Constructors, Inc.,* 888 P.2d at 672-73; *see* Pipeline Agreement, §§ 11.3, 11.2.1. The Plaintiffs' loss has been fixed as of a definite time, the date of the actual payments by Plaintiffs to their attorneys and interest can be computed accurately at 10% from the date of payment. *See Shoreline Dev., Inc.*, 835 P.2d at 211. Accordingly, Plaintiffs are entitled to the benefit of the agreement they made with Defendants. *See Western States Mech. Contractors, Inc.,* 834 F.2d at 1548 ("the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain."). Plaintiffs are entitled to prejudgment interest on the attorneys' fees and costs incurred in defending the Ashley Creek Litigation consistent with this order.

Jury Trial

Chevron claims a Seventh Amendment right to a jury trial on the amount of fees and costs to be awarded to Plaintiffs. Plaintiffs argue that Defendants are not entitled to a jury trial on the amount of fees to be awarded under the contract once the entitlement to fees has been adjudicated. *See Murphy v. Stowe Club Highlands*, 761 A.2d 688, 701 (Vt. 2000); *Ideal Electronic Security Co., Inc. v. International Fidelity Insurance Co.*, 129 F.3d 143, 150 (D.C. Cir. 1997); *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313-15 (2d Cir. 1993); *Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991) (per curiam). It is for the court, not the jury, to determine whether the fee award is reasonable. *See Ideal Electronic Security Co.*,

129 F. 3d at 151.  Because the court has previously determined that Plaintiffs are entitled to attorneys' fees and all that remained was the determination of the reasonableness of those fees, Defendants are not entitled to a jury in this matter.

## CONCLUSION

Based on the above reasoning, IT IS HEREBY ORDERED that Plaintiffs' Motion for Award of Attorneys' Fees, Costs and Prejudgment Interest is GRANTED.  It is further ORDERED that Defendants' Motion for Jury Trial as to the Issue of Simplot's Damages is DENIED.  Plaintiffs' are hereby ordered to submit a final invoice for this Court's approval with the total sum of attorneys' fees, costs, and prejudgment interest, consistent with this order, within ten days of the date of this order.

DATED this 23rd day of February, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge