IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| J.R. SIMPLOT COMPANY, et al., <br><br> Plaintiffs / Counter Defendants, <br><br><br> vs. <br><br><br> CHEVRON, et al., <br><br> Defendants / Counter Claimants. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE <br><br><br><br><br> Case No. 2:04-CV-624 TS |

This matter is before the Court on Plaintiffs J.R. Simplot Company; Simplot Phosphates LLC, fka SF Phosphates Limited Company; and Simplot Pipeline, LLC, fka SF Pipeline Limited Company's (collectively referred to as "Simplot") Motions in Limine, Motion to Strike Supplement, and Ex Parte Motion for Leave to File Replies on Motions in Limine 1, 2, and 3.

I. BACKGROUND

The following is a brief summary of the facts and procedural history of this case, which are more fully set out in the Tenth Circuit's opinion in this matter issued April 23, 2009.[1]

---

[1] Docket No. 197.

1

This matter arose from a contract that required Defendants Chevron Pipe Line Company; Chevron Chemical Company, a division of Chevron U.S.A. Inc.; and Chevron U.S.A. Inc. (collectively "Chevron") to pay any legal fees incurred by Simplot in defending against antitrust claims brought against it by Ashley Creek Phosphate ("Ashley Creek") regarding a pipeline used to transport phosphate. Chevron failed to perform under the contract and Simplot filed this action against Chevron to recover the attorney fees and costs resulting from subsequent Ashley Creek litigations. Simplot also sought prejudgment interest.

This Court granted Simplot's Motion for Summary Judgment and held that the purchase agreements did obligate Chevron to pay Simplot's attorney fees.[2] The Court denied Chevron's request for a jury trial on the amount of attorney fees and costs it owed Simplot and held that Simplot's "$2,913,546 in requested fees and costs was not 'inequitable or unreasonable.'"[3] "The court concluded that Simplot was justified in hiring different counsel for each of the separate corporate entities affiliated with Simplot. It awarded Simplot its requested fees and costs, plus prejudgment interest, and entered a judgment of $5,108,453.15 against Chevron."[4]

On appeal, the Tenth Circuit affirmed this Court's holding that Chevron breached its contract with Simplot by refusing to pay its fees and costs in the Ashley Creek litigation[5] and affirmed this Court's granting summary judgment in favor of Simplot on Chevron's

---

[2]*Id.* at 8.

[3]*Id.* at 9.

[4]*Id.*

[5]*Id.* at 18-19.

counterclaim. However, it reversed and remanded on the issue of whether Chevron has a Seventh Amendment right to a jury trial regarding the amount of attorney's fees. The Tenth Circuit held that a defendant has a Seventh Amendment right to a jury trial when there is a "'free-standing' breach of contract claim . . . for attorneys' fees already incurred in a separate, underlying action against a third party."[6] Thus, Chevron has a right to a jury trial on the issue of the amount of attorney's fees because the fees sought are the damages Simplot seeks for breach of contract.

In analyzing Utah law, the Tenth Circuit held that, in ruling on Simplot's Motion for Summary Judgment, this Court must address "the reasonableness of Simplot's attorneys' fees request."[7] Regarding the amount of the fees, Chevron "has the burden of proving unreasonableness."[8] Thus, this case was remanded for a determination of "whether Chevron has raised any genuine issue of material fact regarding Simplot's damages. Such issues may include factual disputes about the cause or reasonableness of Simplot's attorneys' fees."[9] Consequently, this Court "must present to a jury any portion of Simplot's damages claim that cannot be resolved as a matter of law."[10]

---

[6] *Id.* at 29.

[7] *Id.*

[8] *Id.* at 34. Chevron argues in its briefing that the burden is on Simplot to show the fees are reasonable, but the Tenth Circuit ruling explicitly holds that it is Chevron's burden to show unreasonableness.

[9] *Id.* at 35.

[10] *Id.*

More recently, on March 29, 2011, the Court held a hearing on Simplot's Second Motion for Summary Judgment.[11] Pursuant to Simplot's Motion, the Court considered two issues: first, the reasonableness of each of the SF Defendants hiring independent counsel; and second, the reasonableness of having counsel for each SF Defendant present at each deposition and hearing. The Court granted summary judgment in Simplot's favor on Chevron's claim that it was unreasonable to hire independent counsel for each of the SF Defendants, but found that material disputes of fact exist on the claim of redundant and excessive fees. Accordingly, that issue will be tried by a jury. Simplot has now submitted four motions in limine and other related motions in preparation for trial.

## II. MOTION IN LIMINE 1

Based on Fed.R.Civ.P. 37, Simplot asks the Court to prohibit Chevron from introducing evidence of what Simplot claims are "uncontested fees." During discovery, Simplot sent interrogatories requesting that Chevron identify which fees it found unreasonable. Chevron objected to the interrogatories on the grounds that they were "premature," but compiled a tentative list of individually contested fees totaling $515,971.25.[12] Chevron never explicitly supplemented these responses. However, during expert discovery, Chevron disclosed the report of Mr. Robert Peterson. Though the report attached as an exhibit the previously disclosed list of contested fees, it also contained a clear statement that Mr. Peterson's position was that only

---

[11]Docket No. 228.

[12]Docket No. 247 Ex. B, at 3-5, 9.

4

$1,471,361.86 of Simplot's claimed fees were reasonable.[13] Mr. Peterson also noted the difficulty of "identifying all redundant effort with particularity by time entry"[14] and explained his method for arriving at his proposed reasonable amount: "the total time spent by lead firms was compared to the total time by the others firms to obtain a redundancy factor. That resulted in [a] 40.61% redundancy factor. I then applied that redundancy factor to the total amount of fees charged by the three law firms for everything and subtracted that from the total to derive a reasonable fee."[15]

Rule 37(c)(1) states that "if a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Rule 26(e) requires a party that has responded to interrogatories to "supplement or correct its . . . response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." However, a party is not required to do so if the information has "otherwise been made known to the other parties during the discovery process or in writing."[16] Because the information in question—that Chevron disputed 40.61% of all fees—was disclosed in Mr. Peterson's written report, no violation of rule 26(e) has occurred.

---

[13]Docket No. 298 Ex. B, at 2.

[14]*Id.* at 11.

[15]*Id.* at 12.

[16]Fed.R.Civ.P. 26(e)(1)(A).

Even if Chevron's provision of Mr. Peterson's report somehow failed to satisfy the requirements of 26(e), that failure was harmless and could be excused on that ground.

> The determination of whether a [Rule 26] violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[17]

Simplot cannot claim to be surprised by the position Chevron intends to take because Simplot had Mr. Peterson's report. The presentation of evidence regarding fees beyond those identified in Chevron's interrogatory responses will not disrupt the trial—Simplot has long been aware of Chevron's position and cannot claim it needs more time to prepare to contest it. Finally, because Chevron disclosed its position in Mr. Peterson's report, Chevron has not been holding back the disputed information in bad faith. Accordingly, the Court will deny the request for Rule 37 sanctions and allow evidence of all fees at trial.[18]

### III. MOTION IN LIMINE 2 AND MOTION TO STRIKE SUPPLEMENT

In this Motion, Simplot asks the Court to exclude all evidence of costs at trial as irrelevant because Chevron has never explicitly contested costs. Simplot's interrogatories did

---

[17] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[18] In its response to this and the other motions in limine, Chevron has also argued a "law of the case" theory, and has contended that Simplot's motions in limine are really motions for summary judgment in disguise. The Court has not analyzed the merits of either of these arguments because the grounds stated are adequate for denying the motions.

ask Chevron to identify both fees and costs it found unreasonable, and Chevron did not identify any costs at that time, nor did it supplement its responses. Proceeding on the same Rule 37 theory, Simplot contends that to allow Chevron to argue costs now would be unfairly prejudicial to Simplot.

However, applying the same harmfulness factors, it is clear that Chevron's failure to identify unreasonable costs was harmless. It would be unreasonable for Simplot to assume that Chevron would contest fees but not costs associated with those fees. Accordingly, Simplot cannot reasonably claim to be surprised by Chevron's intent to dispute costs. Nor is there any indication that Chevron withheld its position on costs in bad faith. To the extent Simplot disagrees with Chevron's calculation of which costs are unreasonable, Simplot will be able to make its arguments at trial.

In order to make its position on costs "abundantly clear," Chevron attached a supplement to its interrogatory responses to it opposition memorandum.[19] Simplot subsequently moved to strike the supplement as untimely. Because the Court has not relied on the supplement in its Rule 37 analysis, the Court will deny the motion to strike the supplement as moot.

### III. MOTION IN LIMINE 3

In this Motion, Simplot asks the Court to exclude evidence of fees related to the defense of two of the Simplot Plaintiffs—Simplot Phosphates LLC and J.R. Simplot Company. This Court has previously ruled that it was reasonable for each Simplot Plaintiff to hire independent counsel for the underlying Ashley Creek litigation. Prior to that ruling, Chevron had argued that

---

[19]Docket No. 300, at vi.

all fees charged by "non-lead firms" during the defense of the Ashley Creek suit were unreasonable. Simplot now argues that Chevron should be not be allowed to put on evidence of fees incurred by the Simplot Phosphates or J.R. Simplot, which were represented by a non-lead firm, apparently on the assumption that the Court's previous ruling precludes any further investigation of the non-lead firm fees. The Court rejected this same argument in its prior order on summary judgment.

In its order, the Court refused the "all or nothing" argument that Chevron's theory of unreasonable fees depended on a finding that the retention of independent counsel by each Simplot entity was unreasonable.[20] Though Chevron had been pursuing a theory that the fees of non-lead firms were unreasonable, the Court noted that Chevron's evidence "is sufficiently flexible to present a question of material fact that some of the work performed by the three firms was redundant and excessive."[21] Based on the Court's prior ruling, the Court will deny Simplot's request and allow evidence of fees relating to the defense of all the Simplot Plaintiffs.

## IV. MOTION IN LIMINE 4

In this Motion, Simplot asks the Court to (1) prohibit evidence relating to Simplot's right to receive prejudgment interest and (2) hold that Simplot is entitled to prejudgment interest. As to the first request, Chevron stated in its response that it will offer no evidence on the matter of

---

[20]Docket No. 275, at 18.

[21]*Id.*

prejudgment interest at trial. The Court will deny Simplot's second request because the determination of whether Simplot is entitled to prejudgment interest as a matter of law is not proper subject matter for a motion in limine and is best dealt with post-verdict.

## V. MOTION FOR LEAVE TO REPLY

Finally, Simplot also asks the Court for permission to file replies to Chevron's opposition memoranda, and attached its proposed replies. The Court will grant the motion.

## VI. CONCLUSION

The Court notes in conclusion that the Court has clear rules regarding the permissible length of motions in limine and that these rules will be strictly adhered to going forward.

Based on the foregoing, it is therefore

ORDERED Plaintiffs' Motions in Limine Nos. 1-3 (Docket Nos. 282, 284, and 286) are DENIED. It is further

ORDERED that Plaintiffs' Motion in Limine No. 4 (Docket No. 310) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Plaintiffs' Motion to Strike Supplement (Docket No. 303) is DENIED. It is further

ORDERED that Plaintiffs' *Ex Parte* Motion for Leave to File Replies on Motions in Limine 1, 2, and 3 (Docket No. 301) is GRANTED.

DATED   November 16, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge